UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
\_\_\_\_\_

CEDRIC BELL,

        Petitioner,

v.

HEIDI WASHINGTON et al.,

        Respondents.
_____/

Case No. 1:20-cv-532

Honorable Janet T. Neff

## **OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because the Court does not have subject matter jurisdiction.

**Discussion**

**I.      Factual allegations**

Petitioner Cedric Bell is incarcerated with the Michigan Department of Corrections at the Lakeland Correctional Facility (LCF) in Coldwater, Branch County, Michigan. Following a bench trial in the Wayne County Circuit Court, Petitioner was convicted of kidnapping, in violation of Mich. Comp. Laws § 750.349. On February 23, 1996, the court sentenced Petitioner to life imprisonment. Petitioner has already challenged that conviction and sentence by way of a habeas petition filed in the United States District Court for the Eastern District of Michigan more than twenty years ago. *Bell v. Curtis*, No. 2:00-cv-73067 (E.D. Mich.). The present petition challenges the determination of Petitioner's guilt for fighting in a prison disciplinary proceeding.

On April 30, 2020, Petitioner filed his habeas corpus petition raising several challenges to the disciplinary proceedings. Petitioner contends he was denied due process, the administrative law judge was biased, the Michigan Department of Corrections altered the evidence, and withheld video evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). (Pet., ECF No. 1, PageID.4-5.)

Petitioner claims that he was attacked by a gang member wielding a weapon. He attempted to defend himself. Nonetheless, Petitioner was issued a misconduct ticket for fighting. On August 11, 2017, Petitioner was determined to be guilty of that offense by an administrative law judge. Petitioner was ordered to stay in detention for 10 days and ordered to pay restitution of $2,366.87.

Petitioner sought review of the misconduct determination in the Ingham County Circuit Court. He reports that the circuit court denied relief on May 10, 2018, and May 31, 2018. Petitioner sought leave to appeal that decision in the Michigan Court of Appeals. By order entered May 15, 2019, that court dismissed Petitioner's application because he failed to file it within the

2

six-month period allowed by the Michigan Court Rules. Petitioner filed an application for leave to appeal in the Michigan Supreme Court. That court denied leave by order entered October 29, 2019.

**II.    AEDPA standard**

This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 (AEDPA). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). This standard is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. 312, 316 (2015) (internal quotation omitted).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This Court may consider only the holdings, and not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Lopez v. Smith*, 574 U.S. 1, 4 (2014); *Marshall v. Rodgers*, 569 U.S. 58, 64 (2013); *Parker v. Matthews*, 567 U.S. 37, 48-49 (2012); *Williams*, 529 U.S. at 381-82; *Miller v. Straub*, 299 F.3d 570, 578-79 (6th Cir. 2002). Moreover, "clearly established Federal law" does not include decisions of the Supreme Court announced after the last adjudication of the merits in state court. *Greene v. Fisher*, 565 U.S. 34, 37-38 (2011). Thus, the

3

inquiry is limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time of the state-court adjudication on the merits. *Miller v. Stovall*, 742 F.3d 642, 644 (6th Cir. 2014) (citing *Greene*, 565 U.S. at 38).

### III.    Discussion

The federal habeas statute gives this Court jurisdiction to entertain petitions for habeas relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also* 28 U.S.C. § 2254(a). The Supreme Court has clarified "that the habeas petitioner must be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (citing *Carafas v. LaVallee*, 391 U.S.234, 238 (1968).

Certainly, Petitioner is in custody under his conviction and sentence for kidnapping; but, that is not the "conviction or sentence under attack." *Id*. Indeed, if this petition were an attack on Petitioner's kidnapping conviction or sentence, the petition would be properly dismissed as second or successive under 28 U.S.C. § 2244(b)(2). Instead, Petitioner attacks his "conviction" and "sentence" for fighting. That raises the question: is Petitioner in custody for his fighting misconduct conviction? He is not.

The Supreme Court has defined "custody" as a "formal arrest or restraint on freedom of movement of the degree associated with a formal arrest." *California v. Beheler,* 463 U.S. 1121, 1125 (1983). A "restraint on freedom of movement of the degree associated with a formal arrest" exists where a person has been "deprived of his freedom of action in any significant way." *Id.* at 1124; *Oregon v. Mathiason,* 429 U.S. 492, 494 (1977). The term "custody" is not limited solely to physical confinement. *See Sevier v. Turner*, 742 F.2d 262, 269 (6th Cir. 1984) (citing *Spring v. Caldwell,* 692 F.2d 994, 996 (5th Cir. 1982); *Duvallon v. Florida,* 691 F.2d 483,

4

484 (11th Cir. 1982); *United States ex rel. Wojtycha v. Hopkins,* 517 F.2d 420, 423 (3d Cir. 1975)). For example, persons on parole, probation or bail may be in custody for purposes of §§ 2241 and 2254. *Id*. Nevertheless,

> The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty. Since habeas corpus is an extraordinary remedy whose operation is to a large extent uninhibited by traditional rules of finality and federalism, its use has been limited to cases of special urgency, leaving more conventional remedies for cases in which the restraints on liberty are neither severe nor immediate.

*Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973).

Petitioner's misconduct conviction did not result in a severe restraint on liberty. It did not affect Petitioner's liberty interests at all. There are a couple of circumstances where a prison disciplinary proceeding can additionally restrain a prisoner such that it interferes with his constitutionally protected liberty: where the sanction "will inevitably affect the duration of his sentence" or the resulting restraint imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 486-87 (1995).

Petitioner's fighting misconduct conviction did not affect the duration of his life sentence. In some jurisdictions, prison disciplinary convictions can affect the duration of a sentence because of "good time" credits. The Sixth Circuit has examined Michigan statutory law, as it relates to the creation and forfeiture of disciplinary credits[1] for prisoners such as Petitioner– prisoners convicted for crimes occurring after April 1, 1987. In *Thomas v. Eby*, 481 F.3d 434 (6th Cir. 2007), the court determined that loss of disciplinary credits does not necessarily affect the duration of a prisoner's sentence. Rather, it merely affects parole eligibility, which remains

---

[1] For crimes committed after April 1, 1987, Michigan prisoners earn "disciplinary credits" under a statute that abolished the former good-time system. Mich. Comp. Laws § 800.33(5).

discretionary with the parole board. 481 F.3d at 440. Building on this ruling, in *Nali v. Ekman*, 355 F. App'x 909 (6th Cir. 2009), the court held that under the current iteration of Michigan's good behavior reward scheme, known as disciplinary time,[2] a misconduct citation in the Michigan prison system does not affect a prisoner's constitutionally protected liberty interests, because it does not necessarily affect the length of confinement. 355 F. App'x at 912. Therefore, Petitioner cannot show that the fighting misconduct conviction restrained his liberty by affecting the duration of his confinement.

Moreover, the sanction of 10 days of detention is not so significant or atypical that it could be considered an additional restraint on liberty that amounts to custody. In the MDOC, security classifications, from least to most secure, are as follows: Levels I, II, IV, V, and segregation. MDOC Policy Directive 05.01.130 ¶ B (Oct. 10, 2011). There are three types of segregation: temporary segregation, administrative segregation, and punitive segregation (detention). MDOC Policy Directive 04.05.120 ¶¶ M, Q, Z (June 1, 2019). Confinement in segregation "is the sort of confinement that inmates should reasonably anticipate receiving at some point in their incarceration." *Hewitt v. Helms*, 459 U.S. 460, 468 (1983). Thus, it is considered atypical and significant only in "extreme circumstances." *Joseph v. Curtin,* 410 F. App'x 865, 868 (6th Cir. 2010). Generally, courts will consider the nature and duration of a stay in segregation to determine whether it imposes an "atypical and significant hardship." *Harden-Bey v. Rutter*, 524 F.3d 789, 794 (6th. Cir. 2008).

In *Sandin*, the Supreme Court concluded that the segregation at issue in that case (disciplinary segregation for 30 days) did not impose an atypical and significant hardship. *Sandin,*

---

[2] For some crimes committed after December 15, 1998, and all crimes committed after December 15, 2000, Michigan prisoners are "penalized" with "disciplinary time" under a statute that abolished the disciplinary credit system. Mich. Comp. Laws § 800.34.

515 U.S. at 484. Similarly, the Sixth Circuit has held that mere placement in segregation, and placement for a relatively short period of time, do not require the protections of due process. *Rimmer-Bey v. Brown,* 62 F.3d 789, 790-91 (6th Cir. 1995); *see Joseph v. Curtin,* 410 F. App'x 865, 868 (6th Cir. 2010) (61 days in segregation is not atypical and significant). The Sixth Circuit has also held, in specific circumstances, that confinement in segregation for a relatively long period of time does not implicate a liberty interest. *See, e.g., Jones v. Baker,* 155 F.3d at 812-13 (two years of segregation while the inmate was investigated for the murder of a prison guard in a riot); *Mackey v. Dyke,* 111 F.3d 460 (6th Cir. 1997) (one year of segregation following convictions for possession of illegal contraband and assault, including a 117-day delay in reclassification due to prison crowding). *But cf. Selby v. Caruso*, 734 F.3d 554, 559 (6th Cir. 2013) (13 years of segregation implicates a liberty interest); *Harden-Bey,* 524 F.3d at 795 (remanding to the district court to consider whether the plaintiff's allegedly "indefinite" period of segregation, *i.e.*, three years without an explanation from prison officials, implicates a liberty interest); *Harris v. Caruso,* 465 F. App'x 481, 484 (6th Cir. 2012) (eight years of segregation implicates a liberty interest). Therefore, Petitioner's 10-day stay in detention is not the sort of liberty restraint that might be considered "custody" for purposes of habeas corpus relief.

Moreover, Petitioner's time in detention is long past. Petitioner was not in detention "custody" when he filed his petition. Accordingly, detention cannot be the custody that affords this Court jurisdiction to consider the petition.

The only other "restraint" referenced by Petitioner is the order that he pay thousands of dollars in restitution. Orders compelling the payment of fines or restitution "fall outside the scope of the federal habeas statute because they do not satisfy the "in custody" requirement of a cognizable habeas claim." *Washington,* 529 F. App'x at 773; *see also United States v. Watroba*,

7

56 F.3d 28 (6th Cir. 1995) (holding that § 2255 does not grant subject matter jurisdiction over restitution orders); *Michaels v. Hackel*, 491 Fed. App'x 670, 671 (6th Cir. 2012) (stating that a fine is not cognizable under § 2254 and citing *Watroba*, 56 F.3d at 29); *Kennedy v. Nagy*, No. 18-1463, 2018 WL 3583212, at *2 (6th Cir. July 12, 2018) ("Kennedy argues that the trial court erred by ordering him to pay restitution, court costs, and attorney's fees without first considering his financial situation . . . . [T]hese claims are not cognizable in a federal habeas proceeding because noncustodial punishments do not satisfy the 'in custody' requirement of § 2254."). Even if a petitioner might be subject to a custodial penalty, that does not make available to him collateral relief from a noncustodial punishment such as an order to pay fines or restitution. *Washington*, 529 F. App'x at 773.

Petitioner has failed to demonstrate that he is "'in custody' under the conviction or sentence under attack . . . ." *Maleng*, 490 U.S. at 490-91. Therefore, the Court does not have subject matter jurisdiction and Petitioner is not entitled to habeas relief.

**IV.   Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must

8

demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability. Moreover, for the same reasons the Court concludes that Petitioner has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a constitutional right, the Court also concludes that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## **Conclusion**

The Court will enter a judgment dismissing the petition and an order denying a certificate of appealability.


Dated:   July 30, 2020                              /s/ Janet T. Neff
                                                    Janet T. Neff
                                                    United States District Judge